**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

LIFE INSURANCE COMPANY OF )
NORTH AMERICA )
            Plaintiff-Stakeholder )
 )
v. )
 )
MARIA FRIAS, )
SAMANTHA L. FRIAS and )
STEVEN J. FRIAS, JR. )
            Defendants )

**05 10988 NG**

Civil Action No.

SUMMONS ISSUED
LOCAL RULE 4.1
WAIVER FORM
MCF ISSUED
BY DPTY CLK
DATE

## COMPLAINT FOR INTERPLEADER AND DECLARATORY RELIEF

MAGISTRATE JUDGE

### INTRODUCTION

1.    Plaintiff-Stakeholder, Life Insurance Company of North America ("LINA"), brings this

    Interpleader action against Maria Frias, Samantha L. Frias and Steven J. Frias, Jr.

    (collectively referred to as "Defendants") pursuant to Rule 22 of the Federal Rules of

    Civil Procedure.

2.    Defendants have conflicting claims to a death benefit provided for under a life insurance

    policy governed by the Employment Retirement Income Security Act of 1974, as

    amended, 29 U.S.C. §§ 1001 et seq., and LINA seeks to avoid the vexation of defending

    multiple claims to the limited death benefit by filing this Complaint for Interpleader.

### PARTIES

3.    The Plaintiff-Stakeholder, LINA, is organized under the laws of the state of Pennsylvania,

    with its principal place of business in Philadelphia, Pennsylvania.

4.      The Defendant, Maria Frias ("Ex-Wife"), is an individual who resides at 1A Glendale
        Road, Hudson, Massachusetts.

5.      The Defendant, Samantha Frias ("Daughter"), is a minor child who resides at 1A Glendale
        Road, Hudson, Massachusetts.

6.      The Defendant, Steven Frias, Jr. ("Son"), is an individual who resides at 4 Bradford Road,
        Hudson, Massachusetts.

## JURISDICTION

7.      The amount in controversy in this action is $170,000.00, exclusive of interest and costs.

8.      Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332, because the amount in
        controversy exceeds $75,000.00 and there is complete diversity between the Plaintiff-
        Stakeholder and the Defendants.

9.      Jurisdiction is also proper in this Court pursuant to 29 U.S.C. § 1132(e)(2) and (f), without
        regard to jurisdictional amount or diversity of citizenship, because Defendants reside in
        this district.

## FACTS

10.     On January 1, 2003, LINA issued a Group Life Insurance Policy to Trustee of the
        National Consumer Insurance Trust (the "Policy").

11.     Hewlett-Packard Company ("HP") was a subscriber to the Policy.

12.     The Policy insures a group life insurance benefit provided by HP to its employees.

13.     Steven Frias ("Decedent") is a former employee of HP who received the group life
        insurance benefit under the Policy.

14.     Decedent died on January 29, 2005.

15.     Ex-Wife is Decedent's ex-wife, Daughter is Decedent's daughter and Son is Decedent's son.

16.     At the time of his death, Decedent had a total death benefit of $170,000.00 under the Policy (the "Death Benefit"), of which $85,000.00 was a Basic Benefit and $85,000.00 was a Supplemental Voluntary Benefit.

17.     Decedent's beneficiary designation under the Policy is 50% of the Death Benefit to Ex-Wife, 25% of Death Benefit to Daughter and 25% of Death Benefit to Son.

18.     Ex-Wife, through counsel, claims she is entitled to $150,000.00 of the Death Benefit pursuant to Ex-Wife and Decedent's Separation Agreement dated April 8, 2003 ("Separation Agreement").  See letter dated March 1, 2005 from Ex-Wife's counsel to HP, attached hereto at Exhibit 1; see also, Separation Agreement dated April 8, 2003, attached hereto at Exhibit 2 at P.16.

19.     By reason of the conflict between the Policy beneficiary designation and the Ex-Wife's claim pursuant to the Separation Agreement, LINA is in great doubt as to the appropriate division of the Death Benefit.


WHEREFORE, LINA demands that the Court adjudge:

1.      That the Defendants be required to interplead and settle between themselves their rights to the Death Benefit, and that Plaintiff-Stakeholder be discharged from all liability except with respect to the distribution of the Death Benefit in accordance with this Court's determinations.

2.     That the Plaintiff-Stakeholder is entitled to its costs, including attorneys' fees, incurred in connection with this matter.

3.     That the Plaintiff-Stakeholder be allowed to deposit the $170,000.00 death benefit with the Court.

4.     That the Defendants be restrained from bringing any action against LINA while this action is pending.

PLAINTIFF-STAKEHOLDER
LIFE INSURANCE COMPANY OF
NORTH AMERICA

By its Attorneys,

David B. Crevier, BBO# 557242
Katherine R. Parsons, BBO# 657280
Crevier & Ryan, LLP
1500 Main Street, Suite 2020
Springfield, MA 01115-5532
(413) 787-2400 (tel.)
(413) 781-8235 (fax)

EXHIBIT 1

LAW OFFICES OF

## Stephen G. Morte

74 MAIN STREET
MARLBOROUGH, MA 01752
(508) 481-2332
FAX: (508) 624-4110
e-mail: stephen.morte@verizon.net

209 GREEN ROAD
BOLTON, MA 01740
(978) 779-5321

March 1, 2005

BY FACSIMILE TRANSMISSION
847-883-8247

Pages Transmitted: -1-

Hewlett Packard Pension
Attn: Michelle
100 Half Day Road
Lincolnshire IL 60069

Re:    Maria Frias/Steven Frias
1. 126 shares of unexecuted stock options
2. Life Insurance Policy
3. QDRO
Our File No.: 2156

Dear Sir/Madam:

I represent Maria Frias as it relates to the above 3 issues. Under the terms of the Frias divorce agreement (p. 13), Ms. Frias was to receive 50% of the 126 or; 63 shares of stock options that Mr. Frias held upon his exercising those rights. Ms. Frias hereby makes a claim for those 63 shares of stock.

Second, under the agreement, Mr. Frias was to carry $150,000.00 of life insurance on Ms. Frias (p. 16, Part I). Please be advised that Ms. Frias makes claim to the proceeds of the $150,000.00 covenant.

Finally, Ms. Frias was to receive an equal share of Mr. Frias' pension and 401K return, prior to September 27, 2001. Please advise me of the status of this account, and the named beneficiaries on these accounts.

Very truly yours,

STEPHEN G. MORTE

SGM:dm

cc:    Maria Frias

EXHIBIT 2

**Commonwealth of Massachusetts**
**The Trial Court**
**Probate and Family Court Department**

Middlesex Division                    Docket No. 01D2341

**Judgment of Divorce Nisi**

**Maria Frias, Plaintiff**

of Hudson in the County of Middlesex

v.

**Steven Frias, Defendant**

of Hudson in the County of Middlesex

All persons interested having been notified in accordance with the law, and after hearing, it is adjudged nisi that a divorce from the bond of matrimony be granted the said plaintiff for the cause of Irretrievable Breakdown of the marriage pursuant to M.G.L. Chapter 208 Section 1B as provided by Chapter 208, sections 1, 2 and that upon and after the expiration of ninety days from the entry of this judgment, it shall become and be absolute unless, upon the application of any person within such period, the Court shall otherwise order. It is further ordered that the parties shall comply with an Agreement dated April 8, 2003, the terms of which are filed, incorporated and merged in this Judgment. The Court finds that said Agreement is fair and reasonable for the parties in the circumstances of this case.

Date:    April 8, 2003

_____
Justice of Probate and Family Court

I also certify that on _July 8, 2003_
90 days from date of said decree nisi
having expired, and the Court not having
otherwise ordered said decree of divorce
became absolute.

MAR 0 7 2005
MIDDLESEX, SS _____
PROBATE COURT
A TRUE COPY CERTIFIED
John R. Buonoteus
REGISTER

## COMMONWEALTH OF MASSACHUSETTS
### THE TRIAL COURT
### THE PROBATE AND FAMILY COURT DEPARTMENT

MIDDLESEX DIVISION                    DOCKET NO.: 01D-2341-DV1

MARIA FRIAS,                    )
           Plaintiff    )
                )    <u>SEPARATION AGREEMENT</u>
    VS.                        )
                )
STEVEN FRIAS,                    )
           Defendant    )

AGREEMENT made this __8__ day of April, 2003 by and between Maria Frias of Hudson, Massachusetts, (hereinafter called the "Wife"), and Steven Frias of Hudson, Massachusetts, (hereinafter called the "Husband"). All references to "Parties" shall mean the above-mentioned Husband and Wife.

### STATEMENT OF FACTS

The Husband and Wife were married in Hudson, Massachusetts on August 7, 1976. The Husband and Wife are living separate and apart.

There is one (1) minor child of this marriage:

    Samantha L. Frias, date of birth June 21, 1993

This Agreement is made in order to settle and determine:

    a.    The Property rights of each of the parties;

    b.    What should be presently paid to the parties for their respective support and maintenance and for the support and maintenance of the unemancipated child in consideration of the provisions of Massachusetts General Laws, Chapter 208, Sections 28 and 34;

    c.    Whether and to what extent all or any part of the estate of the Husband and Wife should be assigned to the other in consideration of the provisions of Massachusetts General Laws, Chapter 208, Section 34;

    d.    All other rights and obligations arising from the marital relationship;

    e.    All other matters which should be settled in view of the existing divorce complaint.

RT LAW OFFICES, P.C.
ATTORNEYS AT LAW
189 MAIN STREET
MARLBOROUGH,
MASSACHUSETTS 01752
TEPHONE (508) 485-5400
TELEFAX (508) 485-5492

## I. GENERAL - UNDERSTANDING AND DISCLOSURE.

The Husband and Wife declare and acknowledge that each of them understands the position, circumstances, income, financial resources, expenses and prospects represented by the other, and the terms, provisions and conditions of the within Agreement and believe, based on the information received, its terms, provisions and conditions to be fair, reasonable and acceptable.   The Parties further state that they have negotiated the terms of this Agreement directly and through legal counsel, that each has had independent legal advice by counsel of his or her own choosing and that after consultation with their respective attorneys, after being fully and fairly advised as to all the facts and circumstances herein set forth, and after having read this Agreement line by line, each freely and fully accepts the terms, conditions and provisions hereof and enters into this Agreement voluntarily and without any coercion whatsoever.   The Parties further acknowledge and declare that this Agreement contains the entire agreement between the parties hereto and that there are no agreements, promises, terms, conditions or understandings and no representations or inducements leading to the execution hereof, expressed or implied, other than those therein set forth and that no oral statement or prior written matter extrinsic to this Agreement shall have any force or effect. The Parties represents and acknowledge that each has fully described his or her assets and liabilities to the other Party to the best of his or her knowledge and ability, both orally and otherwise and by the exchange of copies of current Massachusetts Rules of Domestic Relations Procedure 401 Financial Statements, duplicate signed copies of which shall be filed with the Court.

RT LAW OFFICES, P.C.
ATTORNEYS AT LAW
189 MAIN STREET
MARLBOROUGH,
ASSACHUSETTS 01752
EPHONE (508) 485-5400
LEFAX (508) 485-5492

2

II.    SEPARATE STATUS

A.    From the date hereof, the Husband and Wife agree to respect the privacy of each other for the rest of their lives, as fully as if sole and unmarried.

B.    The Husband and Wife each warrant, represent, and agree that they have not in the past and will not hereafter contract or incur any debt, charge or liability whatsoever in the name of the other or for which the other, his or her legal representatives or his or her property or estate will or may become liable hereafter, except as otherwise provided for in this Agreement and that, as of the date of this Agreement, there are no outstanding bills, debts, charges or liabilities incurred by the Husband or Wife for which the other Party may be liable other than as provided in this Agreement. The Husband and Wife each further convenant at all times to hold the other free, harmless and indemnified from and against all debts, charges, or liabilities hereafter contracted or incurred by him or her in breach of the provisions of this paragraph and from any and all reasonable attorneys' fees, costs and expenses incurred by the other as a result of any such breach.

III.    WAIVER OF ESTATE CLAIM

A.    Except as provided herein, the Husband and Wife each hereby waive any right at law or in equity to elect to take against any Will made by the other, including all rights of dower or of curtesy, and hereby waives, renounces, and relinquishes unto the other, their respective heirs, executors, administrators, and assigns forever, all and every interest of any kind or character which either may now have or may hereafter acquire in or to any real or personal property of the other and whether now owned or hereafter acquired by either, to share in the other party's estate in case of intestacy; and to act as Executor or Administrator of the other Party's estate.

RT LAW OFFICES, P.C.
ATTORNEYS AT LAW
189 MAIN STREET
MARLBOROUGH,
ASSACHUSETTS 01752
.EPHONE (508) 485-5400
LEFAX (508) 485-5492

3

B.    Except as provided herein, the Husband and Wife shall each have the right to dispose of his or her property by Will, or otherwise, in such manner as each may, in his or her uncontrolled discretion, deem proper as if no marriage between them ever existed; and neither one will claim any interest in the estate of the other, except to enforce any obligation imposed by this Agreement.

## IV.    MUTUAL RELEASE

Except for any cause of action for divorce, or any enforcement of any Probate and Family Court judgment concerning dissolution of the marital relationship, or to enforce the provisions of this Agreement in any court, the Husband and Wife each hereby releases and forever discharges the other in connection with matters arising out of the marital relationship from any and all actions, suits, debts, claims, demands, and obligations whatsoever, both in law and in equity, which either of them has ever had, now has, or may hereafter have against the other or any third party, upon or by reason of any matter, cause or thing up to the date of this Agreement, it being the intention of the Parties that henceforth there shall exist between them only such rights and obligations as are specifically provided for in this Agreement.

## V.    ACCEPTABLE – FULL SATISFACTION

The Husband and Wife agree to accept the provisions set forth in this Agreement in full satisfaction and discharge of all claims, past, present and future, which either Party may have against the other, and which in any way arise out of the marital relationship.

RT LAW OFFICES, P.C.
ATTORNEYS AT LAW
189 MAIN STREET
MARLBOROUGH,
ASSACHUSETTS 01752
EPHONE (508) 485-5400
LEFAX (508) 485-5492

4

VI.    EXHIBITS

There are annexed hereto and hereby made a part hereof Exhibits A, B, C, D, E, and F. The Husband and Wife agree to be bound by, and to perform and carry out all of the terms of the said Exhibits to the same extent as if each of the said Exhibits was fully set forth in the text of this Agreement.

VII.    AGREEMENT TO MERGE INTO JUDGMENT OF DIVORCE

At any hearing on the divorce complaint, a copy of this Agreement shall be submitted to the Court with the request that it be incorporated and merged in the judgment of divorce and have no independent legal significance.

VIII.    STRICT PERFORMANCE

The failure of the Husband or of the Wife to insist in any instance upon the strict performance of any of the terms hereof shall not be construed as a waiver of such terms for the future, and such terms shall nevertheless continue in full force and effect.

IX.    VALIDITY

In the event any part of this Agreement shall be held invalid, such invalidity shall not invalidate the whole Agreement, but the remaining provisions of this Agreement shall continue to be valid and binding to the extent that such provisions continue to reflect fairly the intent and understanding of the Parties in executing this Agreement.

RT LAW OFFICES, P.C.
ATTORNEYS AT LAW
169 MAIN STREET
MARLBOROUGH,
ASSACHUSETTS 01752
EPHONE (508) 465-5400
LEFAX (508) 465-5492

5

03/21/05 MON 10:45 FAX 50876 /70    PRIMARY CARING    ☒017

X.    DOCUMEN

Whenever called upon to do so by the other party, each party shall forthwith execute, acknowledge and deliver to or for the other party, without consideration, any and all deeds, assignments, bills of sale or other instruments that may be necessary or convenient to carry out the provisions of this Agreement, or that may be required to enable the other party to sell, encumber, hypothecate, or otherwise dispose of the property now or hereafter owned or acquired by such other party.


XI.    GOVERNING LAW

This Agreement shall be construed and governed according to the laws of the Commonwealth of Massachusetts.


XII.    MODIFICATION

This Agreement shall not be altered or modified except by an instrument signed and acknowledged by the Husband and Wife or by order of a court of competent jurisdiction.


SIGNED on the day and year first above written and executed in several counterparts.

MARIA FRIAS

STEVEN FRIAS

F LAW OFFICES, P.C.
'TORNEYS AT LAW
89 MAIN STREET
MARLBOROUGH,
SACHUSETTS 01752
PHONE (508) 485-5400
FAX (508) 485-5493

6

COMMONWEALTH OF MASSACHUSETTS

_Middle_____, SS

April 8____, 2003

Then personally appeared the above named Maria Frias and acknowledged her

execution of the foregoing to be her free act and deed,

Before me,.

_____, Notary Public

My commission expires:
6/4/04

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, SS

April 9th, 2003

·Then personally appeared the above named Steven Frias and acknowledged his

execution of the foregoing to be his free act and deed,

Before me,

_____
Patrick M. Hart, Notary Public
My commission expires: 03/16/06

RT LAW OFFICES, P.C.
ATTORNEYS AT LAW
169 MAIN STREET
MARLBOROUGH,
ASSACHUSETTS 01752
JEPHONE (308) 485-5400
LEFAX (308) 485-5492

7

## EXHIBIT "A"

### CUSTODY AND VISITATION

1.      The Husband and Wife shall have joint legal and physical custody of the unemancipated child, Samantha. The Husband and Wife agree that it is of paramount importance for each of them to remain involved in the major parental decisions and guidance for the child, for the child to feel deep and sincere affection and respect for the other parent, all to the end that each parent's relationship with the child should remain as close as possible. Accordingly, each party agrees to keep the other reasonably and seasonably informed of the academic, physical, emotional and social status and activities of the child.

2.      In the event of any serious illness of the child, the parent with whom the child is staying, shall immediately notify the other parent.

3.      The parties shall consult with each other with the intention of arriving at mutual agreement with respect to the education and upbringing of the child, her illnesses and operations (except in emergencies), her welfare and other matters of similar importance affecting the child, whose well-being, education and development shall at all times be the paramount consideration of the Husband and the Wife.

4.      The parties shall maintain free access and unhampered contact between the child and the other party. Neither party shall do anything which may estrange the child from the other party, or injure the opinion of the child as to her mother or father, or which may hamper the free and natural development of the child's love and respect for the other party.

5.      In the event the Wife shall remarry, the child shall not use or assume the name of the Wife's new husband, and shall at all times continue to use the Husband's surname.

6.      The parties acknowledge that they have established a joint parenting plan by which Samantha spends approximately half of each week with the Husband and half of each week with the Wife. The parties agree to continue to share physical custody of Samantha in this fashion.

RT LAW OFFICES, P.C.
ATTORNEYS AT LAW
189 MAIN STREET
MARLBOROUGH,
ASSACHUSETTS 01752
.EPHONE (508) 485-6400
LEFAX (508) 485-5492

8

## EXHIBIT "B"

### PART I – CHILD SUPPORT

1.     The Husband shall pay to the Wife for the support of the unemancipated child the sum of $115.00 every week, commencing upon the signing of this Agreement, and every Friday thereafter until the child becomes emancipated as hereinafter defined, and except as set forth below.

2.     With respect to the aforesaid emancipation of the minor child, emancipation shall occur or be deemed to have occurred upon the earliest happening of any of the following events to the child:

        a.     The death of the child;

        b.     The marriage of the child;

        c.     The child's becoming independent of parental support (provided that neither part-time employment while pursuing an education as a full-time student nor full-time employment during school vacations shall be deemed emancipation);

        d.     The child's entering the full-time military service of the United States of America;

        e.     The child's living away from the physical custodian's residence on a full-time basis;

        f.     The child's obtaining full-time and permanent employment;

        g.     Attaining the age of eighteen (18) years or graduating from high school, if later, except if such child commenced a formal full-time college undergraduate education in September following graduation from high school, and he or she is still living with the custodial parent while attending said schooling.

        h.     The child attaining age twenty-three (23).

3.     This Agreement has been negotiated and executed on the understanding that the payments described in Paragraph 1 above are not periodic payment under Section 7-1 of the U.S. Internal Revenue Code of 1954, as amended, and are not deductible by the Husband on his annual Federal and State Income tax returns, or taxable to the Wife. If as a result of a final and binding judicial or administrative determination, or because of a subsequent change in the governing law or its authoritative interpretation, these payments become deductible by the Husband or taxable to the Wife, then the Parties agree to review to amounts provided in Paragraph 1 and to make a good faith effort to re-negotiate the amount to be paid in order to reflect the changed tax impact. If the Parties are unable to reach a negotiated settlement, then the Husband and Wife may apply to the Middlesex County Probate and Family Court for the limited purposes of having this issue determined.

4.     The parties shall alternate, on an annual basis, the dependency exemption for the minor child, Samantha. The Husband shall have the right to take and claim the income tax deduction for Samantha in all odd numbered years (tax year 2003 and following). The Wife shall have the right to take and claim the income tax deduction for Samantha in even numbered years (tax year 2004 and following). Both parties agree to sign such documents as are necessary to allow the other party to claim the deduction for the child in their respective year.

RT LAW OFFICES, P.C.
ATTORNEYS AT LAW
199 MAIN STREET
MARLBOROUGH,
MASSACHUSETTS 01752
ELEPHONE (508) 466-5400
LEFAX (508) 485-5492

9

5.    ...he p___es agree to equally divide the expense___paying for the Hudson School Department After-School Program and the Hudson School Department Summer Program.

## PART II – ALIMONY

The Husband agrees to pay to the Wife the sum of $150.00 per week as alimony for her support and maintenance. Such payments shall cease:

a.    Upon the death of either party
b.    Upon remarriage of the Wife
c.    Upon the Husband's retirement (not earlier than age sixty (62), except for health reasons)

RT LAW OFFICES, P.C.
ATTORNEYS AT LAW
169 MAIN STREET
MARLBOROUGH,
ASSACHUSETTS 01752
.EPHONE (508) 485-5400
LEFAX (508) 485-3492

10

## EXHIBIT "C"

### EDUCATION OF THE CHILD

1.    The Husband and Wife agree that the child should receive the best education available in light of her aptitudes and interest, including education at the college level.

2.    The Husband and Wife, each as he/she is financially able to do so, shall pay the costs of the child's educational expenses at such college, university, or other institutions the child may attend with the approval of the parties, which approval will not be unreasonably withheld.

3.    As used in Exhibit "C", the term "education expenses" shall include expenses in connection with applying to college, including, but not limited to, application fees, testing fees, tutor charges and tuition, board, room, books, usual and normal student activity fees and other expenses normally charged on college or university or school bills, and a reasonable allowance for transportation to and from such institution at the start and end of each academic year, and otherwise as agreed between the parties.

4.    The Husband and Wife agree that they will cooperate fully in seeking other sources of financial assistance for education expenses, including scholarships, student loans and the like, which may be available in order to assist the parties in discharging this undertaking.

5.    The Husband and Wife agree that the choice of educational institutions for the child shall be made on the basis of joint consultation with due regard for the financial circumstances of each party, and the aptitudes, interest and desires of the child. Neither party shall make any commitment to any educational institution on behalf of the child without first notifying and obtaining the other party's written approval, which approval shall not be unreasonable withheld.

6.    In the event a dispute arises as to a party's financial ability under Paragraph 2 above, either party may apply to the Probate Court for the limited purpose of having this issue determined.

RT LAW OFFICES, P.C.
ATTORNEYS AT LAW
149 MAIN STREET
MARLBOROUGH,
MASSACHUSETTS 01752
TELEPHONE (508) 485-5400
TELEFAX (508) 485-5402

11

## EXHIBIT "D"

## DIVISION OF MARITAL ASSETS

1.    The parties acknowledge that in entering into this Agreement, they have considered the length of their marriage, their ages, health, stations, occupations, sources of income, vocational skills, employability, assets, conduct, liabilities, their personal and financial needs, and the opportunity of each for the future acquisition of capital assets and income.    They have also considered the contributions of each of them in acquisition, preservation and appreciation in the value of their assets, and the contributions of the parties as homemakers to the family unit.

2.    PERSONAL PROPERTY.    Except as otherwise provided herein, the parties agree that they have heretofore divided all of their personal property, tangible and intangible, to their mutual satisfaction, and the property in the name or possession of a party shall be his or hers absolutely, and the other party shall have no further claim thereto.

3.    REAL ESTATE.    The Husband shall retain, as his sole property, the marital domicile located at 4 Bradford Road, Hudson, Middlesex County, Massachusetts. The Wife hereby waives all right, title and interest which she may now have, or which she may have in the future, regarding the real estate located at 4 Bradford Road, Hudson, Massachusetts.

The Wife agrees to execute, simultaneously with the execution of this Agreement, a Quitclaim Deed to the Husband wherein she conveys all of her right, title and interest in the marital home located at 4 Bradford Road, Hudson, Massachusetts to the Husband.  The parties agree that this Deed shall be held in escrow pending refinance of the mortgage on the marital home and the lump sum property division payment to the Wife, as referenced below.  Upon refinance, the Husband shall remove the Wife's name from the mortgage obligation associated with this real estate.

Until such time as the Husband has refinanced the mortgage obligation on the marital home to remove the Wife's name from this liability, the Husband shall be solely responsible for, and shall pay in a timely fashion, all costs associated with the operation and maintenance of the former marital home including but not limited to payment of the mortgage (principal and interest), real estate taxes, homeowners insurance, and utilities.  The Husband shall indemnify and hold the Wife harmless in this regard.

4.    PROPERTY DIVISION.    As a property division incidental to this divorce, the Husband shall pay, to the Wife, a total of $60,232.50 on or before June 1, 2003.  The parties acknowledge that the Husband will need to refinance the mortgage presently associated with the marital home in order to make this payment.  The parties agree to cooperate with respect to this refinance, and the Wife agrees to provide a Deed, to the Husband to facilitate the refinance.

5.    RETIREMENT ACCOUNTS.    The following retirement accounts shall be divided equally by the parties for the period of marital coverture:

    a.    Husband's Hewlett-Packard pension
    b.    Wife's University of Massachusetts Memorial Inc. retirement accounts

RT LAW OFFICES, P.C.
ATTORNEYS AT LAW
189 MAIN STREET
MARLBOROUGH,
ASSACHUSETTS 01752
EPHONE (508) 485-2400
LEFAX (508) 485-5492

c. ⌒Wife's IRA (or other retirement accou...accumulated as a result of her employment with Dr. Jose)

6.     The Husband presently holds a 401K retirement account with Hewlett-Packard. The Husband shall individually retain any and all contributions made to this account on or after September 27, 2001. The parties shall divide, by Qualified Domestic Relations Order, the Husband's Hewlett-Packard 401K account with the Wife receiving 50% of the value of Husband's 401K account as of September 27, 2001, with appropriate adjustment for market gains or market losses since that time.

7.     The parties agree to mutually employ an attorney or actuary to prepare the Qualified Domestic Relations Orders which are necessary under the terms of this Agreement. The parties agree to equally share the cost of preparing any Qualified Domestic Relations Orders.

8.     HEWLETT-PACKARD STOCK & STOCK OPTIONS.     The Husband presently holds 125.9 shares of Hewlett-Packard stock. The parties agree that that these shares of stock shall be divided equally.

The Husband presently holds 126 shares of stock options with Hewlett-Packard Corporation. The parties agree that, upon exercise of any and all options vested as of the date of this agreement, the parties shall divide on an equal basis, with 50% to the Wife and 50% to the Husband, any net proceeds from the sale. The Husband shall exercise these options not later than the expiration date unless the exercise of any given option would result in a net loss

The Husband agrees to keep the Wife seasonably informed with respect to the exercise of the Hewlett-Packard stock options, and to provide the Wife with evidence of all vested options on an annual basis.

9.     BANK ACCOUNTS.     The Husband shall retain any and all bank accounts presently in his name, including but not limited to the following bank accounts:

a.     Digital Credit Union checking account
b.     Digital Credit Union savings account
c.     Hudson Savings Bank savings account

The Wife shall retain any and all bank accounts presently in her name, including but not limited to the following bank accounts:

a.     Hudson Savings Bank checking account
b.     Hudson Savings Bank savings account

10.     The Husband warrants and represents that he presently holds no credit cards upon which the Wife bears any financial responsibility.

The Wife warrants and represents that she presently holds no credit cards upon which the Husband bears any financial responsibility, aside from her Wachovia credit card, account number 4325 5370 0162 3330. The Wife agrees that she shall remove the Husband's name from this liability, forthwith. Until such time as she has removed his name from this liability, she shall make timely payments of the minimum required payment on this account. The Wife agrees that the Husband has not used this credit card account, and that she shall bear sole

RT LAW OFFICES, P.C.
ATTORNEYS AT LAW
169 MAIN STREET
MARLBOROUGH,
MASSACHUSETTS 01752
EPHONE (508) 485-5400
LEFAX (508) 485-5492

13

responsibility or the payment of this account. The Wife here agrees to indemnify and hold the Husband harmless as to any financial responsibility which he may have regarding the Wachovia credit card account.

11.     MOTOR VEHICLES.   The Husband shall retain as his sole property the 1996 Volvo Sedan presently in his possession. The Wife hereby waives any right, title or interest in this motor vehicle.

The Wife shall retain as her sole property the 1993 Volvo Sedan presently in her possession. The Husband hereby waives any right, title or interest which he may have in this motor vehicle.

The Husband agrees that he shall, forthwith, transfer to the Wife the title to the 1993 Volvo Sedan. The Wife shall be responsible for payment of her own automobile insurance.

12.     COIN COLLECTION.        The parties presently hold a coin collection which, at this time, is in the Husband's possession. The parties agree to divide this collection equally and with due consideration of the present fair market value of the collection as a whole.

13.     LIABILITIES.        Except as otherwise provided herein, the parties acknowledge that they have no outstanding joint liabilities incurred during the marriage. The parties agree that any other indebtedness incurred during the marriage by either the Husband or the Wife shall be the full and sole responsibility of the party incurring said liability.

RT LAW OFFICES, P.C.
ATTORNEYS AT LAW
189 MAIN STREET
MARLBOROUGH,
MASSACHUSETTS 01752
TELEPHONE (508) 485-5400
TELEFAX (508) 485-5492

14

## EXHIBIT "E"

### PART I – MEDICAL INSURANCE – WIFE

1.     The Husband shall maintain and keep in force his current medical and health insurance policy, or its equivalent, for the benefit of the Wife until the Wife dies or remarries as long as he may do so without any additional expense to him and she is eligible under the policy.

2.     In the event that such coverage is available but only at an increased cost to the Husband above and beyond the present cost of such coverage, Wife shall have the option of continuing such coverage provided that she pay for the additional expense of same.

3.     The Wife shall have all rights and benefits as set forth in Mass. General Laws Chapter 175, Section 110I.

### PART II – MEDICAL INSURANCE – CHILD

The Husband shall maintain and keep in force his current medical and health insurance policy, or its equivalent, for the benefit of the child until she becomes emancipated as defined in Exhibit "B".

### PART III – UNINSURED MEDICAL AND DENTAL EXPENSES

1.     Each Party shall be responsible for his or her own uninsured medical and dental expenses.

2.     The Husband and Wife shall jointly share all the uninsured medical and dental expenses of the unemancipated child. The parties agree, however, that no cosmetic surgery or orthodontic expenses shall be incurred on behalf of the child without the consent of each party, which will not be unreasonably withheld. Any dispute arising under this paragraph shall be determined by the Middlesex Probate Court.

RT LAW OFFICES, P.C.
ATTORNEYS AT LAW
189 MAIN STREET
MARLBOROUGH,
MASSACHUSETTS 01752
TEPHONE (508) 485-5400
LEFAX (508) 485-9492

15

EXHIBIT "F"

## PART I – SECURITY IN EVENT OF HUSBAND'S DEATH

In order to secure his obligations set forth in the foregoing Exhibits against the eventuality of his death, the Husband agrees as follows:

1.    The Husband shall maintain and keep in force life insurance policies in the amount of $150,000.00 naming the Wife as beneficiary, for the benefit of the child, for the purposes of securing his obligations under this Agreement, in the event he shall predecease the Wife.

2.    The Husband will, from time to time, and as reasonably requested by the Wife, furnish her satisfactory evidence that said insurance is in full force and effect.

3.    The Husband shall not hereafter borrow against the policies nor in any manner pledge, assign, hypothecate, cancel or encumber the same, so as to reduce the death benefits, without the Wife's prior written agreement.

## PART II – SECURITY IN EVENT OF WIFE'S DEATH

1.    The Wife shall maintain and keep in force life insurance policies in the amount of $100,000.00 naming the Husband as beneficiary, for the benefit of the child, for the purposes of securing her obligations, in the event she shall predecease the Husband.

2.    The Wife will, from time to time, and as reasonably requested by the Husband, furnish him satisfactory evidence that said insurance is in full force and effect.

3.    The Wife shall not hereafter borrow against the policies nor in any manner pledge, assign, hypothecate, cancel or encumber the same, so as to reduce the death benefits, without the Husband's prior written agreement.

## PART III – TAX RETURNS

1.    The Husband and Wife each hereby represent and warrant to the other that each has duly paid all income taxes, state and federal, on all joint returns heretofore filed by the Parties; that to their knowledge no interest or penalties are due and owing with respect thereto, no tax deficiency proceeding is pending or threatened thereon, and no audit thereof is pending.

2.    If there is a deficiency assessment in connection with any of the said joint returns (heretofore to hereafter filed), the party receiving notice of such deficiency shall notify the other party immediately in writing.  They shall pay the amount ultimately determined to be due thereon, together with interest and penalties, and any and all expenses that may be incurred if they decide to contest the assessment, in equal shares.

3.    The parties agree to file their respective State and Federal Income Tax Returns for tax year 2003.

RT LAW OFFICES, P.C.
ATTORNEYS AT LAW
189 MAIN STREET
MARLBOROUGH,
ASSACHUSETTS 01752
.EPHONE (508) 485-5400
LEFAX (508) 485-5492

16

## PART III – FEES

The Husband and Wife shall each be solely responsible for and pay his and her own expenses incurred in connection with the negotiation and preparation of this Agreement and all related matters, including all Court appearances and the prosecution of any complaints for divorce; and each agrees to indemnify and save harmless the other from any and all claims on account on such legal fees and expenses which the other shall be obligated to pay.

## PART IV – ENFORCEMENT FEES

If either the Husband or the Wife shall be adjudicated in default after written notice in any of his or her obligations hereunder, the Party so adjudicated in default shall be required to pay any and all reasonable counsel fees and expenses incurred by the other Party in enforcing any of the terms and provisions of this Agreement.

RT LAW OFFICES, P.C.
ATTORNEYS AT LAW
189 MAIN STREET
MARLBOROUGH,
ASSACHUSETTS 01752
EPHONE (508) 485-8400
.EFAX (508) 485-8492

17

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Life Insurance Company of North America

## DEFENDANTS
Maria Frias, Samantha L. Frias, and Steven J. Frias, Jr.

**(b)** County of Residence of First Listed Plaintiff Philadelphia County
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant Middlesex County
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number) David B. Crevier, Katherine R. Parsons, 1500 Main St., St. 2020, Springfield, MA 01115, 413-787-2400

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☒ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☒ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 900Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | | | ☐ 950 Constitutionality of |
| | Other | | | | State Statutes |
| | ☐ 440 Other Civil Rights | | | | |

## V. ORIGIN (Place an "X" in One Box Only)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
29 USC § 1332; 29 USC 1001 et seq.; Rule Interpleader
Brief description of cause: Defendants have conflicting claims to a death benefit provided for under a life insurance policy

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): 
JUDGE

DOCKET NUMBER

DATE 05-11-05

SIGNATURE OF ATTORNEY OF RECORD Katherine R. Pa

## FOR OFFICE USE ONLY

RECEIPT #        AMOUNT        APPLYING IFP        JUDGE        MAG. JUDGE

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

1. Title of case (name of first party on each side only) Life Insurance Company of North America
   v. Maria Frias, et al.

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   | | | |
   |---|---|---|
   | ☐ | I. | 160, 410, 470, 535, R.23, REGARDLESS OF NATURE OF SUIT. |
   | ☒ | II. | 195, 196, 368, 400, 440, 441-446, 540, 550, 555, 625, 710, 720, 730, 740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950. *Also complete AO 120 or AO 121 for patent, trademark or copyright cases |
   | ☐ | III. | 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310, 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371, 380, 385, 450, 891. |
   | ☐ | IV. | 220, 422, 423, 430, 460, 480, 490, 510, 530, 610, 620, 630, 640, 650, 660, 690, 810, 861-865, 870, 871, 875, 900. |
   | ☐ | V. | 150, 152, 153. |

   05 10988 NG

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.
   None

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
   YES ☐    NO ☒

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)
   YES ☐    NO ☒
   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
   YES ☐    NO ☒

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
   YES ☐    NO ☒

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
   YES ☐    NO ☒

   A. If yes, in which division do all of the non-governmental parties reside?
      Eastern Division ☐    Central Division ☐    Western Division ☐

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
      Eastern Division ☒    Central Division ☐    Western Division ☐

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)
   YES ☐    NO ☐

(PLEASE TYPE OR PRINT)

ATTORNEY'S NAME    David B. Crevier and Katherine R. Parsons

ADDRESS    1500 Main Street, Suite 2020, Springfield, MA 01115

TELEPHONE NO.    (413) 787-2400; Fax:    (413) 781-8235

(CategoryForm.wpd - 5/2/05)